**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

THADDEUS LEE ROSS,
*Defendant-Appellant.*

No. 03-4456

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, Senior District Judge.
(CR-99-7)

Submitted: October 29, 2003

Decided: December 9, 2003

Before WILLIAMS, TRAXLER, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

L. Brad Braford, L. BRAD BRAFORD, P.C., Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Thaddeus Lee Ross appeals the district court's judgment revoking his supervised release. This Court reviews a district court's revocation of supervised release for abuse of discretion. *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992).

First, Ross argues the district court deprived him of his constitutional rights by conducting his supervised release revocation hearing before the conclusion of related state court criminal proceedings. Second, Ross argues the district court erred by determining the grade of his violation based on its assessment of his offense conduct, asserting the district court should have based its conclusions on Ross' related state court criminal proceeding. These claims are meritless. A defendant's violation of supervised release terms allows for revocation, regardless of whether his violation subjects him to state court proceedings. Additionally, the grade of the defendant's violation is based on his conduct. *U.S. Sentencing Guidelines Manual* § 7B1.1, comment. (n.1) (2002).

Third, Ross argues the district court erred by relying on incredible testimony to find he violated supervised release through conduct constituting malicious wounding. This claim is meritless. Witness credibility is not subject to appellate review. *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997).

Fourth, Ross asserts the district court's order denying his motion for bond reveals the district court violated his due process rights by adjudging him guilty before conducting his supervised release revocation hearing. This claim is meritless. The record reveals the district court's order denying bond was appropriate, and Ross fails to establish any violation of his due process rights.

Accordingly, we affirm the district court's judgment revoking Ross' supervised release. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED